

DANIEL G. BOGDEN
United States Attorney
District of Nevada
ROBERT A. KNIEF
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) CASE NO. 2:15-cr-0100-JAD-GWF |
| vs. | ) **PLEA AGREEMENT UNDER** |
| | ) **FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |
| RICHARD LEE COOK, | ) |
| Defendant. | ) |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and ROBERT A. KNIEF, Assistant United States Attorney, the defendant RICHARD LEE COOK, and the defendant's attorney, BRENDA WEKSLER, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

**I.     SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and RICHARD LEE COOK. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It

does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to the following charge as set forth in the indictment:

<u>Count 1</u>: Felon in Possession in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

The defendant also agrees to the forfeiture of the property set forth in this Plea Agreement.

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6. The right to have the assistance of an attorney at all stages of such proceedings.

1     C.    <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty
2 pleas after he has entered them in court.

3     D.    <u>Additional Charges</u>. The United States agrees not to bring any additional
4 charges against the defendant arising out of the investigation in the District of Nevada which
5 culminated in this Plea Agreement and based on conduct known to the United States except that
6 the United States reserves the right to prosecute the defendant for any crime of violence as
7 defined by 18 U.S.C. § 16. The United States will move to dismiss any additional charges
8 pending against the defendant in this case at the time of sentencing.

9 **III.   ELEMENTS OF THE OFFENSES**

10    <u>Count 1</u>: The elements of Felon in Possession under 18 U.S.C. § 922(g) are:

11    1. On or about ~~August 16, 2013~~ MARCH 24, 15, the defendant did knowingly possess a HIGH Point
12 9mm rifle bearing serial number A06962 and a Clerke 1st .22 caliber revolver bearing
13 serial number 089251;

14    2. The firearm had been shipped or transported from one state to another; and

15    3. At the time defendant possessed the firearm, the defendant had been convicted of a
16 crime punishable by imprisonment for a term exceeding one year.

17    *See* Ninth Cir. Manual of Model Jury Instr., Criminal 8.65 (2010 ed.).

18 **IV.   FACTS SUPPORTING GUILTY PLEA**

19     A.    The defendant will plead guilty because he is, in fact and under the law, guilty of
20 the crimes charged.

21     B.    The defendant acknowledges that if he elected to go to trial instead of pleading
22 guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right
23 to forfeit the specified property. The defendant further acknowledges that his admissions and
24 declarations of fact set forth below satisfy every element of the charged offense.

C.   The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D.   The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

On March 24, 2015, a federal warrant was served on the defendant's address, 6769 Arroyo Avenue, Las Vegas, Nevada. The defendant, Richard Lee Cook, was arrested on municipal warrants. Two firearms, a High Point 9mm rifle SN A06962 and a Clerke 1st .22 caliber revolver SN 089251 were recovered from the garage. Cook acknowledged he knew the firearms were present and that he possessed both firearms.

Cook had previous felony convictions in Nevada, each of which was punishable by a term of imprisonment exceeding one year,

1) Possession of Stolen Property in 2000;

2) Attempted Grand Larceny in 2007; and

3) Attempted Possession of a Controlled Substance in 2008.

Both firearms listed above had traveled in and affected interstate commerce prior to the time they were found in defendant's possession.

All the above took place in the District of Nevada.

V.   **COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The

defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. *Discretionary Nature of Sentencing Guidelines.*  The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. *Offense Level Calculations.* The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

1. Count 1: Felon in Possession / 18 U.S.C. § 922(g)
   Base Offense Level: USSG § 2K2.1(a)(6):    <u>14</u>

   Adjusted Offense Level:                    14

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. *Reduction of Offense Level for Acceptance of Responsibility.* Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d)

5

provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

This Sentencing Guidelines provision, if applied, will result in a total offense level of twelve.

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other

sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

VII. **APPLICATION OF SENTENCING STATUTES**

   A. *Maximum Penalty.* The maximum penalty for felon in possession under 18 U.S.C. 922(g) and 924 is a 10-year prison sentence, a fine of $250,000, or both. 924(a)(2).

   B. *Factors Under 18 U.S.C. § 3553.* The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

   C. *Parole Abolished.* The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

   D. *Supervised Release.* In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not to exceed 3 years. 18 U.S.C. 3583(b)(2) Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of 10 years.

   E. *Special Assessment.* The defendant will pay a $100.00 special assessment per count at the time of sentencing.

VIII. **POSITIONS REGARDING SENTENCE**

The United States and the defendant will recommend that the Court sentence the defendant to credit for time served unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant acknowledges

that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend a guideline range sentence, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

## IX. RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in an amount to be determined by the Court for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant conduct. 18 U.S.C. § 3663(a)(3). The defendant cannot discharge his restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

## X. FORFEITURE

The defendant knowingly and voluntarily:

A. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the High Point 9mm rifle SN A06962 and the Clerke 1st .22 caliber revolver SN 089251 identified in Count One and any ammunition seized;

B. Abandons or forfeits the property to the United States;

C. Relinquishes all right, title, and interest in the property;

D. Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property ("proceedings");

E. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

F. Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

G. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

H. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any proceedings concerning the property;

I. Waives his right to a jury trial on the forfeiture of the property;

J. Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to (1) constitutional or statutory double jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

K. Agrees to the entry of an Order of Forfeiture of the property to the United States;

L. Agrees that forfeiture is immediately due and payable and subject to immediate collection by the United States;

M. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture; and

1     N.    The defendant acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than, the amount of restitution.

## XI. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought

against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

   B.   <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

## XIII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises,

11

## XIII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 10/28/15

ROBERT A. KNIEF
Assistant United States Attorney

DATE 10/22/15

BRENDA WEKSLER
Counsel for the Defendant

DATE 10/22/15

RICHARD LEE COOK
Defendant